Luis Alvarez and Royal Bank of Canada, Plaintiffs and Appellees, *v.* National Fire Insurance Co., Defendant and Appellant.

No. 4177. Argued March 31, 1927—Decided June 14, 1927.

*José Sabater* for the appellant. *Benet & Souffront* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The appellees have moved for dismissal of the appeal because the transcript of the record had not been filed in time.

The appeal was taken on the 29th of December, 1926. The motion ·was filed on the 10th of February, 1927. If on the latter date no statement of the case or transcript of the evidence was pending approval, or if the time had not been extended, the appellees would be right, because more than thirty days had elapsed and that is the time prescribed by law.

The appellant alleges that a transcript of the evidence is pending approval by virtue of an extension granted to the appellant by the trial court in the use of the discretion which it has under section 140 of the Code of Civil Procedure. The appellees allege in opposition that though such is the case, as the granting of the new extension is void because the trial court had no discretion in the matter, the situation is the same in law as if there were no transcript and the motion for dismissal should be sustained.

In the certiorari proceeding No. 566, *Luis Alvarez and Royal Bank of Canada* v. *District Court of Mayagüez, ante,* page 834, it was held that under the repeated jurisprudence of this court the district court had no discretion to grant the new extension. That question does not require any further consideration.

This would end the case but for the fact that the appellees prayed this court that if it should hold that the district court was without jurisdiction to act as it did, this court consider the concurring circumstances and exercise its discretion in their favor.

In the case of *Pagán et al.* v. *Pagán,* 32 P.R.R. 489, this court, by Mr. Justice Wolf, said:

"Now while the members of this court have differed among themselves as to whether section 140 of the Code of Civil Procedure may be invoked to revive an expired term and permit an appellant in the court below to proceed with the incorporation of his evidence, we are all agreed on several propositions.

"The first of these is that the failure of the stenographer to file his notes within the time allowed by the district court must be imputed to the appellant. . . . .

     *        *        *        *        *        *        *

"A second proposition on which the court agrees is that the failure of appellant to take any action before either court looking to the revival of the right of incorporation is a failure to prosecute and gives a right to the dismissal. The appellant took no action in this case.

"A third proposition is that whether section 140 may be invoked or not, this court, in an appropriate case, may permit the incorporation of the evidence."

Therefore, we will examine the concurring circumstances.

We have already said that the appeal was taken on the 29th of December, 1926. On the same day the court was moved to direct the stenographer to prepare the transcript of the evidence and the court granted the motion by an order of January 10, 1927, giving the stenographer twenty days for that purpose.

On the following day, the 11th of January, 1927, the stenographer asked the court to require the appellant to deposit the sum of twelve hundred dollars, which he considered the probable amount of his fee, and the court granted his request. That sum was deposited on the 13th of January, 1927.

At this stage, on the 8th of February, 1927, or nine days after the expiration of the time allowed the stenographer and two days before the filing in this court of the motion to dismiss under consideration, the appellant moved the district court for the extension which we have mentioned.

There is an attempt to show that the motion for the extension was made in time and that it must have been mislaid, which is not to be wondered at in taking into account the abnormal situation through which the office of the clerk of the District Court of Mayagüez was passing at that time. But we shall not consider this aspect of the question because in our judgment although that abnormal situation was shown, there is no clear proof that the extension had been applied for either by the attorney or by the stenographer.

What has been fully shown is that the attorney for the appellant was, at the expiration of the time, on his way to the United States for the purpose of appearing at an important hearing before the Circuit Court of Appeals for the First Circuit; that the attorney relied, as was his custom, on the stenographer, and that the stenographer was transferred in those very days to the District Court of Guayama and neglected to apply for an extension.

The negligence of the stenographer, imputable to the party, and even that of the attorney, are evident. Can it be excused?

In our opinion the facts show that the appeal was taken to be prosecuted in earnest. It is an important case. The defendant-appellant had been adjudged to pay twenty-five thousand dollars. As it had been notified of the judgment on the 16th of December, it had until the middle of the fol-

lowing month of January in which to appeal. However, the appeal was taken on the 29th of December. When the stenographer required the deposit of the large sum of twelve hundred dollars for the payment of his fee, the appellant deposited it almost immediately.

It is evident that the attorney, before leaving for the continent, should have assured himself that the stenographer was in a position to file the transcript within the time granted, or should have applied for a long extension for that purpose, but his lack of foresight is explained by the suddenness of his trip and his trust in the stenographer who had been long in his position and had always performed his duties.

Besides, how could the attorney even imagine that the stenographer would neglect his case when there was coming to him such a large fee and he himself had seen to it that it had been deposited beforehand?

The fault, the oversight, the negligence of the stenographer can be explained also by his transfer. It will be seen, from a careful consideration of the case, that the stenographer was under the impression that there was plenty of time.

Finally, if it be borne in mind that only a few days passed after the expiration of the time and that on the day on which the district judge (March 5, 1927) exercised the discretion which he believed he had in favor of the appellant, the transcript, which is voluminous, had already been filed, and if account be taken besides of the well grounded argument of the attorney for the appellant in writing and orally at the hearing on the motion in regard to the grounds of the appeal, it must be concluded that we are considering a case requiring the exercise of the discretional powers of the court in favor of allowing the appeal to be proceeded with until its decision on the merits.

Therefore, granting an extension as long as may be required, the transcript must be allowed to be included in the

record for approval by the trial judge and then filed in the office of the Secretary of the Supreme Court, and the appellant must of course expedite matters as much as possible.

Motion to dismiss must be overruled.